IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM S. ZUSCHLAG,  )
    Petitioner,  )    Civil Action No. 14-38 Erie
      )
    v.  )
      )    Magistrate Judge Susan Paradise Baxter
BRIAN V. COLEMAN, et al.,  )
    Respondents.  )

## OPINION AND ORDER[1]

Before the Court is the petition for a writ of habeas corpus filed by state prisoner William S. Zuschlag ("Petitioner"). Respondents have filed a motion to dismiss the petition. [ECF No. 10].[2] For the reasons set forth below, the motion is granted, Petitioner's claims are dismissed with prejudice, and a certificate of appealability is denied.

### I.

**A.**    **Background**[3]

On September 10, 2009, Petitioner was charged with 23 crimes relating to his sexual assault of his minor daughter and two counts involving another child. On August 26, 2010, he appeared before the Court of Common Pleas of Crawford County and pleaded guilty to one count of Unlawful Contact with a Minor in violation of 18 Pa.C.S. § 6318(a)(1) and one count of Incest in violation of 18 Pa.C.S. § 4302. The Commonwealth nolle prossed the remaining 23 counts. At that time, Petitioner was

---

[1]    In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2]    Respondents' motion to dismiss was originally docketed at ECF No. 9. Because the proposed order submitted with that motion contained the wrong caption, Respondents refiled their motion, and this time it was docketed at ECF No. 10. The motion pending at ECF No. 9 will be terminated, and the motion pending at ECF No. 10 will be granted.

[3]    Respondents have filed a hardcopy of the relevant parts of the state court record ("SCR"). The documents contained in the SCR are indexed 1 through 34 and shall be cited as "SCR at __ ".

represented by Gary M. Alizzeo, Esquire. Pursuant to the plea agreement entered into on that day, the Commonwealth recommended that Petitioner's sentences run concurrently as long as a state sentence was imposed. At the time of the plea, Petitioner "was not happy about the possibility of a state sentence. However, he did not want to go to trial and indicated that he understood what the plea agreement was, and that ultimately the Court would decide his sentence." (SCR at 14, Commonwealth v. Zuschlag, No. CR 618-2009, slip op. at 1, n.1 (CP Crawford Co. Apr. 2, 2012) (citing Plea Colloquy of Aug. 26, 2010, p. 5, line 23; p. 11, lines 8-12)).

On November 24, 2010, the court sentenced Petitioner to a term of 21 months to 8 years of imprisonment for Incest, and a concurrent term of one to five years of imprisonment for Unlawful Contact with a Minor. Edward J. Hatheway, Esquire, represented Petitioner at this point. Both of Petitioner's sentences fall within the standard range set forth by the sentencing guideline. (Id. at 7). In addition, "both sentences are consistent with the terms of the plea bargain entered into by both parties." (Id.)

Petitioner did not file a direct appeal. He filed a timely motion for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 et seq. (SCR at 6, 12). The court appointed Noah A. Erde, Esquire, to represent him. After the PCRA court denied Petitioner's request for relief (see SCR at 14, Zuschlag, No. CR 618-2009, slip op. at 1-12), he filed an appeal with the Superior Court of Pennsylvania through his counsel, Erde. On December 18, 2012, the Superior Court issued a Memorandum in which it affirmed the denial of PCRA relief. (SCR at 29, Commonwealth v. Zuschlag, No. 795 WDA 2012, slip op. (Pa.Super. Dec. 18, 2012)). The Supreme Court of Pennsylvania denied a petition for allowance of appeal on October 2, 2013. (SCR at 30).

Having had no success in state court, Petitioner next filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death

Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA"). Under this statute, habeas relief is only available on the grounds that Petitioner's judgment of sentence was obtained in violation of his federal constitutional rights. 28 U.S.C. § 2254(a). Errors of state law are not cognizable. Id.; see, e.g., Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004) ("Federal courts reviewing habeas claims cannot 'reexamine state court determinations on state-law questions.'") (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).

Petitioner raises the following two claims for relief:

**Ground One:** "Trial counsel failed to obtain a plea agreement with sentencing. [Trial counsel] ordered [Petitioner] to take the open plea and make [no] waves & just shut up and go along with what [counsel] said."

**Ground Two:** "14th Amendment of the United States Constitution under persons of the same class similarly situation. [Petitioner] is a Megan's Law Reg. An inmate at Crawford County Jail at the same time had the same charges and received a sentence of 11 ½ to 23 months as where [Petitioner] received 1 year 8 months to 8 years."

[ECF No. 3 at 5. See also id. at 7].

Respondents have filed a motion to dismiss in which they contend that Petitioner's claims are procedurally defaulted because he did not exhaust them in state court. [ECF No. 9]. Petitioner did not file a Reply.

**B.     Discussion**

A federal habeas court may not grant a state prisoner's petition for a writ of habeas corpus unless he has first presented his federal constitutional claims to the state courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). See also O'Sullivan v. Boerckel, 526 U.S. 838, 842-49 (1999).

> [It is] principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-491, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973). Under our federal system, the federal and state "courts [are] equally bound to guard and protect rights secured by the Constitution." Ex parte Royall, 117 U.S. [241, 251, 6 S.Ct. 734, 740 (1886)]. Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950). See Duckworth v. Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam) (noting that the exhaustion requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights").

Rose v. Lundy, 455 U.S. 509, 517 (1982) (footnote omitted).

Importantly, in order to exhaust a claim, "state prisoners must give the state courts *one full opportunity* to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 844-45 (emphasis added). In Pennsylvania, this requirement means that a petitioner in a non-capital case *must have presented every federal constitutional claim raised in his habeas petition to the Superior Court either on direct or PCRA appeal*. See, e.g., Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).

Petitioner carries the burden of proving exhaustion of all available state remedies. See, e.g., Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). He has not met his burden. A review of the relevant state court records establish that Petitioner did not raise in his appeal to the Superior Court either of the grounds for relief that he raises in this case.[4] Although Petitioner brought numerous claim of ineffective assistance of counsel in his PCRA proceeding, he did not raise the specific claim that he

---

[4] Petitioner contends that he raised the claims he makes in Grounds One and Two during the PCRA proceeding. [ECF No. 3 at 6-8). That contention is rejected because it is not supported by the state court record, which contains the relevant documents filed in Petitioner's PCRA appeal.

makes in Ground One. As for the equal protection claim that he raises in Ground Two, he raised it to the PCRA court[5] but he did not pursue that claim in his brief to the Superior Court. (See SCR at 27, Appellant's Brief at 3, 8-17; see also SCR at 29, Zuschlag, No. 795 WDA 2012, slip op. at 5-11 (setting forth the claims before it)).

Because Petitioner failed to exhaust his claims, they are procedurally defaulted. See, e.g., Lines v. Larkin, 208 F.3d 153, 160 (3d Cir. 2000); Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). Like the exhaustion doctrine, the doctrine of procedural default is "grounded in concerns of comity and federalism[.]" Coleman, 501 U.S. at 730. It provides that claims for federal habeas relief may not be addressed by the federal habeas court if the petitioner either: (a) failed to present a claim to the state court and the state court would now decline to address it on the merits because state procedural rules bar such consideration; or (b) failed to comply with a state procedural rule when he presented a claim to the state court, and for that reason the state court declined to address the federal claim on the merits.[6] See, e.g., Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wainwright v. Sykes, 433 U.S. 72 (1977); Lines, 208 F.3d at 162-69.

---

[5] The PCRA court denied Petitioner's equal protection claim because it is not cognizable under the PCRA. The court also held that, "[i]n addition to not forming a basis for relief under the PCRA, we note that the case[s] cited by Petitioner are distinguishable from the case at bar. In Commonwealth v. Jackson, 780-2007, the defendant was convicted of Indecent Assault. In Commonwealth v. Coudriet, 617-2005, the defendant was convicted of Sexual Assault. In contrast, Petitioner in this case plead[ed] guilty to one count of Unlawful Contact with a Minor and one count of Incest." (SCR at 14, Zuschlag, No. CR 618-2009, slip op. at 11).

[6] A petitioner whose habeas claim is procedurally defaulted can overcome the default, thereby allowing federal court review, if he can demonstrate "cause" for the default, i.e., that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice." See, e.g., Coleman, 501 U.S. at 750; see also Murray v. Carrier, 477 U.S. 478, 488, 494 (1986). Petitioner does not argue that he can demonstrate "cause" and "actual prejudice." A procedural default also may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Schlup v. Delo, 513 U.S. 298, 316 (1995). This "miscarriage of justice" exception only applies in extraordinary cases where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Schulp, 513 U.S. at 316. Petitioner does not argue that he can demonstrate a "miscarriage of justice," and there can be no dispute that this is not one of the rare cases in which the miscarriage of justice rule is implicated.

Based upon all of the foregoing, both of Petitioner's claims must be dismissed with prejudice because they are procedurally defaulted.

## C. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether each of Petitioner's claims should be dismissed. Accordingly, a certificate of appealability is denied.

## II.

For the reasons set forth above, Respondents' motion to dismiss is granted, Petitioner's claims are dismissed with prejudice, and a certificate of appealability is denied on all claims.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM S. ZUSCHLAG,<br>      Petitioner,<br><br>      v.<br><br>BRIAN V. COLEMAN, et al.,<br>      Respondents. | Civil Action No. 14-38 Erie<br><br>Magistrate Judge Susan Paradise Baxter |

## **ORDER**

AND NOW, this 5th day of December, 2014, for the reasons set forth in the memorandum opinion filed contemporaneously herewith, IT IS HEREBY ORDERED that Respondents' motion to dismiss [ECF No. 10] is **GRANTED**, the petition for a writ of habeas corpus is **DISMISSED** with prejudice, and a certificate of appealability is **DENIED**. It is further ORDERED that the motion to dismiss filed at ECF No. 9, which contained the wrong caption, is **TERMINATED**.

The Clerk of Court is directed to close this case.


                                              /s/ Susan Paradise Baxter
                                              SUSAN PARADISE BAXTER
                                              United States Magistrate Judge